UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA RODRIGUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>EDMUND D. EDELMAN CHILDREN'S COURT OF CALIFORNIA, et al.,<br><br>  Defendants. | No.  2:21–cv–0066–KJM–CKD PS<br><br><br>ORDER TO SHOW CAUSE |

This case comes before the court on plaintiff's motion to proceed in forma pauperis ("IFP") with her complaint filed January 13, 2021.[1] (ECF Nos. 1-2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  The undersigned declines to rule at this time on the IFP motion, however, because an initial review of this action indicates that plaintiff filed this case in the wrong district court.  Instead, the court orders plaintiff to show cause why this action should not be dismissed without prejudice or transferred to the U.S. District Court for the Central District of California, under 28 U.S.C. § 1406(a).

Plaintiff brings this 18-count complaint against some 14 defendants, challenging the removal of two of her minor children from her custody and their placement in foster homes and in

---

[1] Because plaintiff is representing herself, this action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

their father's home for the last several years.  (ECF No. 1.)  Plaintiff primarily challenges the prosecution and outcome of the separation proceedings that took place from 2017 through 2019 in the Edmund D. Edelman Children's Court, a division of the Los Angeles County Superior Court.  Among the named defendants are the Children's Court; senior officials of California and Los Angeles human services agencies; the Los Angeles County Department of Children and Family Services ("DCFS"); and several DCFS social workers and supervisors involved in her children's case.  (Id. at 1-2, 9-10.)

Plaintiff states that the events at issue occurred "mainly in the Los Angeles, Riverside County," where her children were placed in various foster homes, and that venue is proper in "this Judicial District" because a substantial part of the events or omissions giving rise to her claim "occurred in the Central District of California."  (Id. at 10.)  Based on these statements and the complaint's factual allegations, it appears that plaintiff meant to file this suit in the Central District of California but instead filed suit in the *Eastern* District of California.  As plaintiff seems to acknowledge, this judicial district—the Eastern District of California—likely is not a proper venue for this case.

Defects in venue may be raised by the court on its own where the defendant has not yet responded to the complaint and the time for doing so has not run.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (permitting courts to transfer case on its own initiative, "so long as the parties are first given the opportunity to present their views on the issue").  Venue in a civil action is generally proper in (1) a judicial district where any defendant resides, if all defendants reside in the same State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

Although it is plausible that all defendants reside in California within the meaning of § 1391(b)(1), no defendant is alleged to reside in the Eastern District of California.  All the entities plaintiff names as defendants—ranging from the Children's Court, to DCFS, to the City of Whittier Police Department—are located in counties that fall within the Central District of

1   California.  Plaintiff does not allege where any of the individual defendants reside, but nearly all
2   of them are employees of Los Angeles County agencies.  Two of the named defendants are (or
3   were) California state officials for whom plaintiff lists business addresses in Sacramento, which is
4   in this district.  (ECF No. 1 at 2.)  But neither of these defendants is mentioned anywhere in the
5   complaint besides the party identification sections, which contain no substantive allegations
6   against them.
7           As for § 1391(b)(2), it appears to the undersigned highly unlikely that any of the events or
8   omissions giving rise to plaintiff's claims occurred in this district.  According to plaintiff, herself,
9   the events or omissions at issue occurred "mainly" in Los Angeles and Riverside counties, which
10  plaintiff correctly identifies as falling within the Central District of California.  (ECF No. 1 at 10.)
11  And finally, this district does not appear proper under § 1391(b)(3) because the action could have
12  been brought in the Central District of California.
13          When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the
14  interest of justice, transfer such case to any district or division in which it could have been
15  brought."  28 U.S.C. 1406(a).  Plaintiff is therefore ORDERED TO SHOW CAUSE why this
16  action should not be dismissed for improper venue or transferred to the Western Division of the
17  U.S. District Court for the Central District of California.  **Within fourteen (14) days of the date**
18  **of entry of this order, plaintiff shall file a response.**  In her response, plaintiff should indicate
19  whether she intended to file this case in the Central District of California, and if not, she must
20  explain to the court why the case should remain here, in the Eastern District of California.
21  Dated:  March 29, 2021

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

26  19.0066, rodr

3